# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE


Bonny L. Hutchins Buzzell

    v.                                                        Civil No. 16-cv-280-PJB

Skowhegan Saving Bank et al.


Bonny L. Hutchins Buzzell

    v.                                                        Civil No. 16-cv-281-PJB

Kirk R. House et al.


Bonny L. Hutchins Buzzell et al.[1]

    v.                                                        Civil No. 16-cv-282-PJB

Broadway Veterinary Clinic et al.


## **O R D E R**

Bonny L. Hutchins Buzzell, a pro se litigant proceeding in forma pauperis, has filed a complaint and complaint addenda in each of the above-captioned cases, naming dozens of defendants in each case. See Hutchins Buzzell v. Skowhegan Saving Bank,

---

[1]The complaint in Hutchins Buzzell v. Broadway Veterinary Clinic, No. 16-cv-282-PJB, names both Hutchins Buzzell and her dog, Foxy Wogills Prancie, as plaintiffs. Dogs may not bring federal lawsuits, and the complaint is construed to be filed only by Hutchins Buzzell.

No. 16-cv-280-PJB (Doc. Nos. 1, 7, 10, 11); Hutchins Buzzell v. House, No. 16-cv-281-PJB (Doc. Nos. 1, 7, 10, 11); Hutchins Buzzell v. Broadway Veterinary Clinic, No. 16-cv-282-PJB (Doc. Nos. 1, 6, 9, 10).[2] These cases are before this court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2). Also before the court, in two of the cases, are plaintiff's motions to amend the complaint. See Hutchins Buzzell v. House, No. 16-cv-281-PJB (Doc. No. 15); Hutchins Buzzell v. Broadway Veterinary Clinic, No. 16-cv-282-PJB (Doc. No. 15).

## **Background**

Plaintiff's filings are convoluted and follow no single narrative path. Construed liberally in light of plaintiff's pro se status, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), the complaint documents generally allege that the named defendants in each action have persecuted, harassed, threatened, and otherwise abused plaintiff, her family members, and her service dog; and that defendants have subjected her, her family members, and her service dog, to mental, sexual, financial, and physical harm. While far from exhaustive, some examples of

---

[2]In each case captioned above, the court construes the complaint to include the assertions contained in the complaint addenda filed in that case.

2

these wrongs and harms, alleged in each of the complaints, are:

- Unspecified defendants have attempted to murder plaintiff by orchestrating dog attacks on her while she was walking to the federal courthouse to file civil actions, and police agencies and a counselling center have failed to act on her reports of those attacks.

- Unspecified defendants, driving orange cars and black trucks, vehicles whose make, model, and color have a coded meaning, have tried to run her over numerous times, while one or more of the operators of those vehicles was using medical marijuana.

- Both of plaintiff's ex-husbands secretly had children with other women before they were married to plaintiff, and the mothers of those children have prevented plaintiff from receiving pastoral care at a number of churches and otherwise stalked and harassed her.

- On multiple occasions, unnamed defendants have caused plaintiff to be stranded in a public place, sometimes by causing taxis and public transportation not to pick her up, so that those defendants can stalk and abuse plaintiff when she is alone.

- Unspecified defendants have sabotaged plaintiff's efforts to obtain employment, medical, and mental health records, government benefits, and safe housing, over many years, utilizing harassment and abuse and by otherwise terrorizing her.

- On more than one occasion, plaintiff's service dog was restrained and abused physically and sexually at a veterinary clinic where clinic staff had faked injuries and alleged that those injuries had been inflicted by her dog to justify their treatment of the dog.

**Discussion**

I. **Preliminary Review**

In conducting a preliminary review of a complaint filed in forma pauperis, this court may dismiss the case before defendants appear, if the court determines that the complaint fails to state a claim, or that the action is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i), (ii). To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010).

> [A] court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional." As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325, 327-28 (1989)).

Plaintiff's allegations are disjointed and largely conclusory, and frequently fail to identify who she alleges is liable to her for the harms claimed. Further, none of the

4

allegations give rise to any cause of action cognizable here, even those that are stated with sufficient specificity to allow the court to understand what wrongs plaintiff claims have been committed against her, and by whom.  Accordingly, each of the above-captioned cases are subject to being dismissed as frivolous.  See 28 U.S.C. § 1915(e)(2)(B)(i); Denton, 504 U.S. at 32-33.

II. **Motions to Amend**[3]

In plaintiff's motions to amend, she seeks to add new defendants to two of her cases, but does not otherwise include further factual assertions.  In general, under Fed. R. Civ. P. 15(a), leave to amend the complaint in a civil case is to be "freely given."  Leave to amend may be denied, however, if the proposed complaint amendment would be futile.  See Morgan v. Town of Lexington, 823 F.3d 737, 742 (1st Cir. 2016).  Because the court finds that plaintiff has failed to state any nonfrivolous claims upon which relief could be granted, the motions to amend are denied, as amending a complaint to add defendants to noncognizable claims would be futile.

---

[3]See Hutchins Buzzell v. House, No. 16-cv-281-PJB (Doc. No. 15); Hutchins Buzzell v. Broadway Veterinary Clinic, No. 16-cv-282-PJB (Doc. No. 15).

5

**Conclusion**

For the foregoing reasons, the court directs as follows:

1.   The complaint and complaint addenda in each of the above-captioned cases is frivolous, and each case will be dismissed in fourteen days on that ground, unless plaintiff files a motion to reconsider this Order, prior to that deadline, showing cause why any of the cases should not be dismissed.

2.   The motions to amend filed in <u>Hutchins Buzzell v. House</u>, No. 16-cv-281-PJB (Doc. No. 15), and <u>Hutchins Buzzell v. Broadway Veterinary Clinic</u>, No. 16-cv-282-PJB (Doc. No. 15), are denied.

SO ORDERED.

<u>/s/Paul Barbadoro</u><br>
Paul Barbadoro<br>
United States District Judge

January 13, 2017

cc:  Bonny L. Hutchins Buzzell, pro se

6